UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. & C. PARTNERS, LTD., a California corporation,<br><br>Plaintiff,<br>vs.<br><br>THE OLDE SHOE HOUSE, an entity of unknown organization, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. SACV11-00762 JVS (JCGx)<br><br>Assigned to: Judge James V. Selna<br>Discovery Mag. Judge: Jay C. Gandhi<br><br>[PROPOSED] ORDER REGARDING CONFIDENTIALITY<br><br>NOTE CHANGES MADE BY THE COURT. |
| AND RELATED COUNTERCLAIM | |

**WHEREAS**, the Court has reviewed the Stipulation Regarding Confidentiality (the Stipulation) submitted concurrently herewith, finding good cause therefor,

**IT IS HEREBY ORDERED** that the *revised* Stipulation and confidentiality protections stated therein shall govern in this action, such that violation of any of the provisions in the Stipulation shall be deemed a violation of court order. *See attached.*

Dated: 3-19-2012

_____
Judge of the United States District
JAY C. GANDHI

[PROPOSED] ORDER REGARDING
CONFIDENTIALITY

1  MICHAEL R. ADELE, State Bar No. 138339
   **TECHNOLOGY LITIGATION CENTER**
2  828 S. Marjan St., Anaheim CA 92806
   Telephone: (714) 342-6987
3  Email: techlitcenter@yahoo.com

4  Attorneys for Plaintiff/Counterdefendant
   C. & C. PARTNERS, LTD.
5

6  JAMES L. GOLDMAN, State Bar No. 57127
   GISELLE ROOHPARVAR, State Bar. No. 257741
7  **PIRCHER, NICHOLS & MEEKS**
   1925 Century Park East, Suite 1700
8  Los Angeles, California 90067

9  Telephone: (310) 201-8900
   Facsimile: (310) 201-8922
10
   Attorneys for Defendant/Counterclaimant
11 THE OLDE SHOE HOUSE

                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. & C. PARTNERS, LTD., a California corporation, | Case No. SACV11-00762 JVS (JCGx) |
| Plaintiff, | Assigned to: Judge James V. Selna<br>Discovery Mag. Judge: Jay C. Gandhi |
| vs. | *REVISED*<br>**STIPULATION REGARDING CONFIDENTIALITY** |
| THE OLDE SHOE HOUSE, an entity of unknown organization, and DOES 1 through 20, inclusive, | NOTE CHANGES MADE BY THE COURT. |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

WHEREAS, the parties hereto are conducting pre-trial discovery and settlement discussions, which the parties anticipate will require the disclosure of documents or other

864819.01/LA                                    STIPULATION REGARDING CONFIDENTIALITY

1 information considered by the respective parties to contain confidential or proprietary *in good faith and reasonably,*
2 information; and
3     WHEREAS, the parties wish to provide for a mechanism for the exchange of such
4 information in a manner that will protect its confidentiality and limits its dissemination:
5     IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto
6 through their counsel of record and subject to the approval of the Court, as follows:
7     1.   "CONFIDENTIAL INFORMATION" DEFINED. For purposes of this
8 Stipulation and Order, "Confidential Information" refers to the following:
9     (a)   Documents to be produced in this action voluntarily or as part of
10 settlement discussions and/or pursuant to any valid discovery request which contain,
11 disclose or reflect confidential business, commercial, financial or other similarly sensitive
12 information of a non-public nature;
13     (b)   All or any portion of a party's response to any interrogatory or request
14 for admission which contains, discloses, or reflects confidential business, commercial,
15 financial or other similarly sensitive information of a non-public nature;
16     (c)   All or any portion of deposition testimony in this action which
17 contains, discloses or reflects confidential business, commercial, financial or other
18 sensitive information of a non-public nature;
19     (d)   All or any portion of any exhibits to depositions which contain,
20 disclose or reflect confidential business, commercial, financial or other similarly sensitive
21 information of a non-public nature; and
22     (e)   All summaries, extracts, and abstracts of any information which
23 discloses, or reflects confidential business, commercial, financial, or other sensitive
24 information of a non-public nature.
25     2.   PROCEDURE FOR DESIGNATING CONFIDENTIAL INFORMATION.
26 Confidential Information in written or documentary form shall be designated by counsel
27 for the party producing the document by marking each page of the writing or document
28 with the legend "Confidential." The designation shall be made subject to the standards of

STIPULATION REGARDING CONFIDENTIALITY

1 Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as Confidential Information. All subsequent copies of said marked writing or document shall be treated in the same manner as the original documents produced.

3. **RESTRICTIONS ON DISCLOSING CONFIDENTIAL INFORMATION.** Except with the prior written consent of the designating party or the Court, Confidential Information may not be disclosed to any person other than:

    (a) Counsel to the parties in this action, including persons regularly employed in the offices of counsel for the parties, who are actively engaged in assisting counsel in the preparation of this action and solely for the purposes of such preparation;

    (b) Any party to this litigation and officers, directors, and employees of a party who are assisting his, her or its counsel, and provided further that a party (or his, her or its officers, directors, or employees) may retain Confidential Information only as long as necessary for the conduct of this litigation;

    (c) Court reporters while in the performance of their official duties;

    (d) Independent expert(s) and consultant(s) retained by or associated with any party in order to assist his, her or its counsel in the conduct of this litigation, and that such expert(s) or consultant(s) may retain Confidential Information only as long as is necessary for the performance of such assistance and may use such information only for providing assistance to counsel in this litigation;

    (e) The Court, or any other arbitrator or mediator before whom this litigation is pending, including their personnel;

    (f) Persons identified on such Confidential documents as creators, authors or recipients of the documents, provided that such persons may not retain any Confidential Information; and

    (g) Such other persons as may be designated by written agreement of Counsel or by order of the Court.

1    4.    CERTIFICATION BY RECIPIENTS OF CONFIDENTIAL
2  INFORMATION. Prior to the disclosure of any Confidential Information to any person
3  identified in paragraphs 3(d) hereof, such person shall be furnished with a copy of this
4  Protective Order and shall be required to certify in writing, in the form attached hereto as
5  Exhibit "A", that he or she has read this Protective Order, understands it, agrees to be
6  bound by its terms and subjects himself or herself to the jurisdiction of this Court for the
7  purpose of contempt proceedings in the event of any violation of this Protective Order.
8  Counsel for the party disclosing Confidential Information shall maintain these written
9  certifications, and they shall be available to opposing counsel for inspection and copying,
10 except for written certifications signed by consultants. *The parties shall comply with*
11   5.    REQUIREMENTS FOR FILING CONFIDENTIAL INFORMATION. ~~To~~ *L.R. 79-5.* /s/ JS
12 the extent that any party would like to file Confidential Information (including deposition
13 transcripts, briefs, and other papers containing or otherwise disclosing such information)
14 said party shall first attempt to file said documents under seal in conformity with court
15 rules. All such material filed with or submitted to the Court shall be conspicuously marked
16 "Confidential: Subject to Protective Order" prior to filing or submission and shall be
17 accompanied by a written request that the material be placed under seal. In the event that
18 any such material is used or disclosed in any hearing or at a mediation or arbitration, if
19 any, such material shall not lose its confidential or protected status by reason of such use
20 or disclosure. The parties may request the Court to restrict public access in whole or in
21 part to the hearing on any motion where Confidential information will likely be discussed;
22 ~~it shall be within the Court's sole discretion whether to grant such a request.~~
23   6.    DESIGNATIONS OF DEPOSITION TESTIMONY. Any designation of
24 deposition testimony as "Confidential" shall be made at the time such testimony is given.
25 Prior to any deposition in this case, the reporter shall be furnished with a copy of this
26 Protective Order and shall be informed that the testimony, exhibits and other information
27 designated as Confidential Information may be disclosed only in accordance with the terms
28 of this Protective Order. When transcripts of any such testimony are prepared, the reporter

STIPULATION REGARDING CONFIDENTIALITY

1 shall conspicuously mark each page on which Confidential Information appears with an appropriate legend signifying its confidential status, shall provide a list of Confidential Information pages, and shall place the following legend on the cover of the transcript containing Confidential Information: "This

7. **LATE DESIGNATIONS.** If, after production or transcription, a party later discovers an inadvertent failure to designate timely its documents, information or testimony as Confidential Information, it may designate such documents, information or testimony within a reasonable time after discovery of the failure; provided, however, the designation shall only apply prospectively, and the late designating party must either: (a) pay, in advance, the cost to the recipient of marking such documents; or (b) have his, her or its counsel mark such documents or information, with the non-designating party's counsel to provide reasonable access to such documents for marking.

8. **RESTRICTIONS ON COPYING CONFIDENTIAL INFORMATION.** No person, other than an outside copy service or court personnel, shall make copies, extracts, abstracts or summaries of Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all persons to whom Confidential Information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

9. **LIMITATIONS ON SCOPE OF PROTECTIVE ORDER.** Nothing in this Protective Order shall preclude any party from doing any of the following:

   (a) Challenging by way of motion the designation of any particular document or information as Confidential Information, *strictly pursuant to L.R. 37.*

   ~~(b) Applying ex parte to advance the hearing date on any motion if the scheduled hearing date or notice period for the making the motion would unreasonably delay discovery, prevent a party from adequately preparing for an upcoming event such as a deposition, or is otherwise justifiable under the rules normally governing ex parte applications.~~

STIPULATION REGARDING CONFIDENTIALITY

864819.01/LA

-4-

(c) Objecting at trial to the admissibility or authenticity of documents produced pursuant to this Stipulation;

(d) Claiming that a document inadvertently not designated as Confidential Information should have been so designated; and

(e) Objecting on any grounds to any requests for discovery provided that, after entry of this stipulation as an order of the Court, no document shall be withheld from production solely because of its designation as Confidential Information.

10. PROCEDURE FOR CHALLENGING DESIGNATION. A party or other person objecting to designation of any document(s) or material(s) as Confidential shall provide written notice of the objection to counsel for the designating party, specifying the document(s) or material(s) that are the subject of the objection. Upon receipt of the written objection, counsel for the Designating Party shall, within five (5) court days, provide a written response to the objecting party explaining the basis for the designation as Confidential Material; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential. The parties and any other objecting person(s) shall attempt to confer in good faith in an effort to resolve the objection and any response by the designating party. If the objecting party or person and the designating party are unable to resolve the issue, the designating party, within five (5) court days after serving its written response to the objection notification, may file a motion with the Court pursuant to L.R. 37 to continue the designation of the document(s) or material(s) as "Confidential." The designating party shall have the burden of establishing that the document(s) or material(s) constitutes confidential information and is entitled to protection under applicable law. If the designating party does not file a motion seeking to maintain the confidentiality designation within ten (10) court days after serving its written response to the objection to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer confidential.

1    11.    ~~PROVIDING JURY WITH CONFIDENTIAL INFORMATION.~~
2    Notwithstanding the foregoing, the parties ~~agree to~~ jointly cooperate in providing copies of
3    exhibits to any jury ~~impaneled~~ in this proceeding without the "Confidential" legend.
4    Documents used at trial shall not contain any "Confidential" affixed as part of or in
5    ~~connection with this action.~~ *The parties may take this matter up with the judge presiding over the trial.*

6    12.    DISPOSAL OF CONFIDENTIAL INFORMATION. Except as otherwise
7    may be agreed to by the parties, but not later than ninety (90) days after termination of this
8    litigation, whether by settlement, judgment or appeal, all copies of Confidential
9    Information shall be ~~returned~~ *(cleared by the Court)* to the producing party or destroyed. Counsel shall certify in
10   writing to opposing counsel that all such Confidential Information has been returned to the
11   producing party or destroyed.

12   13.    STIPULATIONS RE: MODIFYING TERMS. With regard to the Parties'
13   (and their counsels') handling of documents, information and/or processes under this
14   stipulation and order, they may modify the terms of this stipulation so long as such
15   modification is confirmed in writing or by e-mail and the other party does not object
16   within three (3) court days that the confirmation fails to adequately memorialize the
17   parties' (new) agreement; provided, however, any such modification shall not modify or
18   alter the obligations of any third party or the Court. The parties shall endeavor to co-
19   operate, where appropriate, by promptly confirming the adequacy of the original
20   confirmation.

21       The purpose of this provision is to allow the parties and their counsel to conduct the
22   litigation as efficiently as possible, without the need to waste Court time (and attorney
23   time) on issues affecting primarily the parties' and their counsel (such as extensions of
24   time deadlines or other circumstances that may arise that can be handled by agreement of
25   the parties and/or their counsel.

26   14.    RETENTION OF JURISDICTION BY COURT. This Court shall retain
27   ///
28

STIPULATION REGARDING CONFIDENTIALITY

864819.01/LA                                    -6-

jurisdiction of all matters pertaining to this Protective Order and each person signing this Protective Order or a written certification in the form attached hereto as Exhibit "A."

STIPULATED AND AGREED.

Dated: March 15, 2012

TECHNOLOGY LITIGATION CENTER

*/s/ Michael Ray Adele/*

MICHAEL R. ADELE, State Bar No. 138339

Attorneys for Plaintiff/Counterdefendant
C. & C. PARTNERS, LTD.

Dated: March 19, 2012

PIRCHER, NICHOLS & MEEKS

*/s/ James Goldman/*

JAMES L. GOLDMAN, State Bar No. 57127
GISELLE ROOHPARVAR, State Bar. No. 257741

Attorneys for Defendant/Counterclaimant
THE OLDE SHOE HOUSE, LTD.

# EXHIBIT A

## WRITTEN ASSURANCE

I, _____, have read and understand the Stipulation and Protective Order in the case entitled "*C.&C. Parnters, Ltd. v. The Olde Shoe House et al.*, United States District Court for the Central District of California Case No. SACV11-00762 JVS (JCGx), and agree to comply with and be bound by its provisions. I will not divulge Confidential Information (as that term is defined in the Stipulation for Protective Order) to persons other than those specifically authorized by the Order. I will not copy or use in any manner the Confidential Information, except solely for the purpose of this litigation or as permitted by the Court. I understand that I will not be entitled to maintain possession of the Confidential Information, and I shall return all Confidential Information in my possession to counsel at the conclusion of my testimony at deposition and/or in Court. I understand that I could be held in contempt of court should I violate this Stipulation for Protective Order.

Dated at the City of _____, this _____ day of _____, 2010

_____
Signature

STIPULATION REGARDING CONFIDENTIALITY

# CERTIFICATE OF SERVICE

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

On March 19, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalties of perjury under the laws of the United States that the foregoing is true and correct.

Michael R. Adele
*Digitally signed by Michael R. Adele*
*DN: cn=Michael R. Adele, o=Technology Litigation Center, ou=Owner, email=techlitcenter@yahoo.com, c=US*
*Date: 2012.03.19 17:38:24 -07'00'*

MICHAEL R. ADELE (BAR NO. 138339)
TECHNOLOGY LITIGATION CENTER